J-S50013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAWRENCE MARVIN WILSON | |
| Appellant | No. 1495 EDA 2014 |

Appeal from the PCRA Order April 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1102581-2004

BEFORE: PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J. **FILED SEPTEMBER 23, 2015**

Appellant, Lawrence Marvin Wilson, appeals[1] *pro se* from the order entered on April 21, 2014, in the Court of Common Pleas of Philadelphia County, which denied his third petition filed pursuant to the Post Conviction Relief Act ("PCRA")[2] as untimely. We affirm.

On June 30, 2005, Wilson was sentenced to an aggregate term of seventeen to forty years of imprisonment after pleading guilty to rape, involuntary deviate sexual intercourse, robbery, aggravated assault, and criminal conspiracy. Wilson did not file a direct appeal. Therefore, his

---

[1] On August 24, 2015, Wilson filed a "Motion to Amend Defendant Criminal PCRA Appeal to the Superior Court of Pennsylvania." We deny this motion.

[2] 42 Pa.C.S.A. §§ 9541-9546.

judgment of sentence became final on August 1, 2005.[3]  **See** Pa.R.A.P. 903(a).

On May 18, 2006, Wilson filed a timely *pro se* PCRA petition.  Counsel was appointed, but counsel later filed a petition for leave to withdraw and a no-merit letter.  On April 13, 2007, the PCRA court denied relief without a hearing and granted counsel's motion to withdraw.  Wilson did not file an appeal.  His second PCRA petition was dismissed as frivolous on February 19, 2013.

On May 31, 2011, Wilson filed a *pro se* petition for a writ of *habeas corpus* in the Civil Division of the Philadelphia Court of Common Pleas*,* which was subsequently dismissed on April 11, 2013.[4]

On March 14, 2013, Wilson filed his third *pro se* PCRA petition.  On April 21, 2014, the PCRA court dismissed Wilson's petition as untimely, after providing Rule 907 notice.  This timely appeal followed.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error."

---

[3] July 30, 2005 was a Saturday.

[4] For reasons not germane to this appeal, the lower court did not treat Wilson's *habeas corpus* petition as a PCRA petition.

***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citation and internal quotation marks omitted).

In the instant case, we need not address the substance of Wilson's appeal because his PCRA petition was untimely. "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." ***Commonwealth v. Flanagan***, 854 A.2d 489, 509 (Pa. 2004) (citations omitted). A petitioner must file a PCRA petition within one year of the date that his judgment becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). There are three statutory exceptions to the PCRA's timeliness provisions that allow for very limited circumstances under which the late filing of a petition will be excused. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Here, Wilson's sentence became final on August 1, 2005. Thus, Wilson's third PCRA petition, filed over seven years later on March 14, 2013, is patently untimely. Wilson failed to plead and prove that an exception to the timeliness requirements of the PCRA applies. For instance, in his

petition, Wilson alleges three counts of ineffective assistance of counsel. **See** PCRA Petition, filed March 14, 2013, Attachment A, at ¶¶ 2-4. However, "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (citations omitted). The remainder of his petition is merely a summary of the case's procedural history.

On appeal, Wilson raises several claims that are not raised in his PCRA petition. We cannot consider these claims because they are waived. **See** Pa.R.Crim.P. 902(B) ("Failure to state … a ground [for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); **Commonwealth v. Rainey**, 928 A.2d 215, 226 (Pa. 2007) (noting that issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal).

Wilson has filed a patently untimely PCRA petition that does not come within any of the exceptions to the time bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Accordingly, neither the lower court nor this Court has jurisdiction to consider his request for relief. **See** 42 Pa.C.S.A. § 9545(b)(1).

Order affirmed. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2015